UNITED STATES DISTRICT COURT  C/M
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
    ALBERT FOUNTAIN,

                                Petitioner,      **MEMORANDUM DECISION AND ORDER**

              - against -        14-cv-4782 (BMC)

    SUPERINTENDENT OF ATTICA
    CORRECTIONAL FACILITY,[*]

                              Respondent.
----------------------------------------------------------- X

**COGAN**, District Judge.

        Petitioner seeks habeas corpus relief under 28 U.S.C. § 2254 from his 2010 conviction after a jury trial on four counts of predatory sexual assault, two counts of first-degree burglary, two counts of first-degree robbery, and two counts of first-degree unlawful imprisonment, for which he was sentenced in the aggregate to twenty years to life imprisonment. Additional facts will be set forth below as necessary to address each of petitioner's points of error, but to summarize, petitioner and his accomplices entered the room of two victims in the house where petitioner sometimes stayed and, at gun and knifepoint, forced one of the victims to engage in repeated sexual acts with them. Petitioner filmed some of the acts and goaded on his accomplices.

        As amended, the petition raises four points of error reprised from petitioner's state court proceedings.[1] First, petitioner asserts that the trial court improperly permitted the prosecution to

---

[*] The Clerk of Court is directed to change the caption on the docket sheet to reflect petitioner's current custodian.

[1] Judge Mauskopf, to whom this case was initially assigned, stated that if petitioner did not file an amended petition before a certain deadline, she would rule on the original petition as modified by a letter seeking amendment. That amendment added an ineffective assistance of appellate counsel claim that became exhausted during the pendency of this case. After that, petitioner obtained repeated stays of this case for the purported purpose of exhausting

impeach one of its own witnesses in violation of New York Criminal Procedure Law § 60.35. Second, petitioner argues that his trial counsel was constitutionally ineffective. Third, petitioner asserts that his sentence was excessive. Fourth, petitioner contends that his appellate counsel was constitutionally ineffective for not challenging the trial court's ruling rejecting his Batson challenge.

Petitioner's first and third points are not cognizable on federal habeas corpus review. His second and fourth points do not meet the standard for relief under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The petition is therefore denied.

## I. Violation of New York Criminal Procedure Law § 60.35

This New York statute specifies the circumstances and procedures pursuant to which a party may impeach a witness that the party has called at trial. In the instant case, the prosecution called one of petitioner's accomplices, Sincere Chappelle, who had pled guilty pursuant to a cooperation agreement and had received a promise of an eight-year sentence in exchange for testifying against defendant. The witness, however, went south on the prosecutor, testifying that petitioner was not at the crime scene. The prosecutor then impeached the witness with his guilty plea allocution and written and videotaped confessions, all of which had identified petitioner as one of the perpetrators. The trial court allowed the impeachment, and on appeal, petitioner contended that the trial court had not complied with the procedures in Criminal Procedure Law § 60.35. The Appellate Division held that the argument was unpreserved and, in any event, without merit. People v. Fountain, 102 A.D.3d 887, 887, 958 N.Y.S.2d 470, 471 (2d Dep't), leave to appeal denied, 21 N.Y.3d 942, 968 N.Y.S.2d 5 (2013).

---

additional claims before the state court. But he never filed an amended petition, and Judge Mauskopf ultimately declined to further stay the proceeding.

The Appellate Division's decision cannot form the basis for federal habeas corpus relief because petitioner's argument in state court did not raise a federal constitutional issue. He presented it merely as statutory non-compliance or abuse of discretion under the statute. Because habeas corpus relief may only be predicated on federal constitutional violations, federal courts have regularly declined to review state court applications of Criminal Procedure Law § 60.35. See King v. Capra, No. 15-cv-7403, 2019 WL 1900847, at *4 (E.D.N.Y. Apr. 29, 2019) ("[C]laims for violations of state law are not cognizable on federal habeas review, which concerns violations of 'the Constitution or laws or treaties of the United States.'" (quoting 28 U.S.C. § 2254(a))); Pickens v. Sheahan, No. 12-cv-4308, 2019 WL 1643039, at *6 (E.D.N.Y. Apr. 16, 2019) ("As petitioner's claim [regarding § 60.35] primarily alleges an error in the application of state law, federal habeas relief is not available."); Harris v. Perez, No. 14-cv-7218, 2017 WL 5468782, at *5 (E.D.N.Y. Nov. 13, 2017) ("Since § 60.35's provisions are not mandated by federal law or the United States Constitution, a trial court's error in applying th[is] provision is solely an error of state law."); Dunston v. Griffin, No. 16-cv-821, 2016 WL 1255727, at *4 (E.D.N.Y. March 29, 2016) ("The U.S. Constitution places no restrictions on a prosecutor's ability to impeach his own witness."); Escobar v. Senkowski, No. 02-cv-8066, 2005 WL 1307939, at *12 (S.D.N.Y. May 26, 2005) ("Neither the Supreme Court nor the Second Circuit has held that a prosecutor's impeachment of her own witness may violate a criminal defendant's due process rights."), report and recommendation adopted as modified, 2005 WL 2148712 (S.D.N.Y. Sept. 7, 2005); Arthur v. Beaver, No. 03-cv-4555, 2004 WL 2287773, at *4 (E.D.N.Y. Oct. 8, 2004) ("To the extent [petitioner] is seeking relief for an alleged violation of [§ 60.35], no such relief is available here, because an application for a writ of habeas corpus will be entertained only on the ground that there has been a violation of federal law.").

I therefore reject petitioner's state law argument.

## II. Ineffective Assistance of Trial Counsel

On direct appeal, petitioner raised a laundry list of objections about the performance of his trial counsel. The Appellate Division held:

> [B]ecause the record also establishes that counsel's representation did not fall below an objective standard of reasonableness or that there is a reasonable possibility that, but for counsel's claimed unprofessional errors, the result of the proceeding would have been different, the defendant was not deprived of the effective assistance of counsel under the United States Constitution.

Fountain, 102 A.D.3d at 887-88, 958 N.Y.S.2d at 471 (cleaned up).

Because the Appellate Division rejected petitioner's claim on the merits, his ineffective assistance claim must be viewed through the prism of AEDPA's narrow review standard. AEDPA permits habeas relief only if a state court's legal conclusion is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The decision of a state court is "contrary" to clearly established federal law within the meaning of § 2254(d)(1) if it is "diametrically different" from, "opposite in character or nature" to, or "mutually opposed" to the relevant Supreme Court precedent. Williams v. Taylor, 529 U.S. 362, 405 (2000) (quoting another source). A state court decision involves "an unreasonable application" of clearly established federal law if the state court applies federal law to the facts of the case "in an objectively unreasonable manner." Brown v. Payton, 544 U.S. 133, 141 (2005).

The Supreme Court has made clear that the AEDPA standard of review is extremely narrow and is intended only as "a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." Ryan v. Gonzales, 568 U.S. 57, 75 (2013) (quoting Harrington v. Richter, 562 U.S. 86, 102 (2011)). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded

4

jurists could disagree' on the correctness of the state court's decision." Harrington, 562 U.S. at 101 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). The Supreme Court has repeatedly admonished circuit courts for not affording sufficient deference to state court determinations of constitutional issues. See, e.g., White v. Wheeler, 577 U.S. 73, 76-77 (2015) (per curiam) ("This Court, time and again, has instructed that AEDPA, by setting forth necessary predicates before state-court judgments may be set aside, 'erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court.'" (quoting Burt v. Titlow, 571 U.S. 12, 19 (2013))).

As with many issues on federal habeas corpus review, petitioner faces a double burden. He must meet not only the narrow standard of review under AEDPA but also the two-prong test of Strickland v. Washington, 466 U.S. 668 (1984). He must first show that counsel's performance fell below "an objective standard of reasonableness" under "prevailing professional norms." Id. at 688. The Court must apply a "strong presumption of competence" and "affirmatively entertain the range of possible reasons [petitioner's] counsel may have had for proceeding as they did." Cullen v. Pinholster, 563 U.S. 170, 196 (2011) (quoting another source). Second, under the "prejudice" prong, petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "The likelihood of a different result must be substantial, not just conceivable." Harrington, 562 U.S. at 112. Moreover, as the Second Circuit has noted, "[t]he prejudice inquiry is . . . ineluctably tied to the strength of the prosecution's evidence." Garner v. Lee, 908 F.3d 845, 862 (2d Cir. 2018).

In terms of objective reasonableness, the Appellate Division could reasonably conclude that every claimed inadequacy that petitioner raised was, at best, the second-guessing of strategic

5

decisions or the assertion of an objection that, in all likelihood, would have failed. Those claims are resolved as follows:

| ALLEGED ERROR | BASIS FOR FINDING OBJECTIVE REASONABLENESS |
|---|---|
| Failure to pursue the Batson objection after the trial court determined that there was no *prima facie* showing. | Counsel made the Batson objection. After it was denied, a reasonable attorney would have no reason to think the trial court would change its mind with further argument. |
| Failure to cross-examine the two victims about their prior convictions. | The male victim had already testified on direct that he had five felony convictions for burglary, robbery, and drug-related offenses. The female victim testified that she had several prior misdemeanor convictions. Yet the victims' direct testimony showed that they had substantially rehabilitated themselves since the commission of their crimes by, among other things, overcoming their drug addictions. Trial counsel could reasonably conclude that emphasizing the victims' historical convictions after what petitioner and his accomplices had done to them would make them more sympathetic, not less so. Notwithstanding that, trial counsel carefully elicited some details that might have caused the jury to question the veracity of the victims' testimony. |
| Failure to adequately review the police paperwork before cross-examining the victims. When cross-examining the female victim, trial counsel asked if she had informed the police that the perpetrators stole a camera from her room, as she testified on direct. She could not remember, but her recollection was refreshed with the police report on redirect, showing that she had reported the stolen camera. | Trial counsel could reasonably conclude that the failure of recollection itself might be one factor that could affect the jury in determining her credibility. |
| Failure to object to a detective's testimony that Chappelle had expressed fear of retribution if he testified against petitioner and so was going to recant his statements. | Trial counsel, in fact, objected. |

6

| | |
|---|---|
| Failure to object to a detective's testimony that he had shown a series of photographs to the victims. | There was no basis for an objection. Although the detective testified that the victims were shown a series of photographs, there was no testimony that the victims had identified petitioner from the photographs. |
| Failure to object when the prosecutor asked Chappelle on direct examination whether he was a gang member. | Shortly after this questioning, trial counsel made a motion for a mistrial, citing "the fact that [the prosecutor was] busy fighting with his own witness, and [he was] using it to backhand it and blame everything on [petitioner]." |
| Failure to object to the prosecutor's impeachment of Chappelle with his prior statements. | The witness was plainly hostile and impeachable by his own statements. |

In terms of prejudice, petitioner has not pointed to any. As noted above, most of his arguments presume that an objection would have been sustained if made, but in fact, such objections were without a legal basis. Applying Supreme Court authority through the narrowing prism of AEDPA, I conclude that the Appellate Division's rejection of petitioner's ineffective assistance claim was neither contrary to nor an unreasonable application of Strickland and its progeny.

**III.     Excessive Sentence**

Petitioner's sentence was within the parameters of New York law. This removes it from the purview of federal habeas corpus relief. "[I]t is well settled that an excessive sentence claim, such as [p]etitioner's, does not present a required federal constitutional issue when the received sentence 'is within the range prescribed by state law.'" Ramos v. Lee, No. 19-cv-1125, 2021 WL 3269237, at *15 (E.D.N.Y. July 30, 2021) (quoting White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992)). There is nothing approaching cruel and unusual punishment in petitioner's 20-years-to-life sentence considering the depraved nature of his criminal conduct.

7

## IV. Ineffective Assistance of Appellate Counsel

In his *coram nobis* motion, petitioner argued that his appellate counsel was ineffective for failing to raise a claim under Batson v. Kentucky, 476 U.S. 79 (1986). The trial record reflects that trial counsel objected on Batson grounds to the prosecution's use of four peremptory challenges of black jurors. The trial court noted, however, that when the prosecutor exercised those peremptory challenges, the prosecutor had already passed, and the trial court had already seated, four jurors – three of whom were black. Because the prosecutor had not exercised peremptory challenges as to those three black jurors, the trial court ruled that petitioner's counsel had failed to make a *prima facie* case of racially based use of peremptory challenges.

Defense counsel then asserted another Batson ground in the immediately following colloquy:

> MR. KASS [defense counsel]: I have another. I have another ground on that challenge beyond that, that these were four black males.
>
> THE COURT [to the prosecutor]: You wish to be heard?
>
> MR. DEGAETANO [the prosecutor]: Your Honor, I do not wish to be heard only at this moment because the Court, in the first instance, has to make a determination that a *prima facie* –
>
> THE COURT: I can ask you if you wish to be heard. If you don't wish to be heard, you want my ruling, first?
>
> MR. DEGAETANO: Your Honor, I don't believe that defense counsel's characterization –
>
> THE COURT: I'm not satisfied that a *prima facie* case has been made either. Move on. You have an exception.

8

Based on this excerpt, petitioner argued in his *coram nobis* motion that appellate counsel in his direct appeal had foregone a "viable" Batson claim in favor of claims that were "unpreserved or meritless."[2]

The Appellate Division summarily rejected petitioner's argument on the merits. People v. Fountain, 127 A.D.3d 784, 785, 4 N.Y.S.3d 542, 542 (2d Dep't 2015), leave to appeal denied, 27 N.Y.3d 964, 36 N.Y.S.3d 625 (2016). Because the Appellate Division rejected the argument on the merits, I must apply the narrow standard of review under AEDPA as described above. See Chrysler v. Guiney, 806 F.3d 104, 117 (2d Cir. 2015) ("[S]ummary dispositions rank as adjudications 'on the merits' for AEDPA purposes unless the petitioner provides 'reason to think some other explanation for the state court's decision is more likely.'" (quoting Harrington, 562 U.S. at 99-100)).

The standard for ineffective assistance of trial counsel under Strickland is also applicable to ineffective assistance of appellate counsel claims. Smith v. Robbins, 528 U.S. 259, 285 (2000). To state a claim for ineffective assistance of appellate counsel, a petitioner must show (1) "that his counsel was objectively unreasonable in failing to find arguable issues to appeal" and (2) "a reasonable probability that, but for his counsel's unreasonable failure" to raise an issue on appeal, "he would have prevailed on his appeal." Id. (citation omitted). "To establish prejudice in the appellate context, a petitioner must demonstrate that there was a reasonable probability that his claim would have been successful before the state's highest court." Mayo v. Henderson, 13 F.3d 528, 534 (2d Cir. 1994) (cleaned up). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the

---

[2] As a preliminary point, petitioner argued that the trial court had erred in denying his Batson challenge. That is not a stand-alone claim that can be raised in a *coram nobis* motion under New York practice, although the Appellate Division could consider it to the extent that it informed the claim for ineffective assistance of appellate counsel.

9

proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686.

Moreover, it is well settled that "[a]ppellate counsel has wide latitude to select which arguments to raise on appeal, and her failure to raise a claim will amount to ineffective assistance only when it is 'outside the wide range of professionally competent assistance.'" Silva v. United States, No. 01-cr-1110, 2009 WL 10713720, at *1 (S.D.N.Y. Sept. 14, 2009) (Lynch, J.) (citation omitted) (quoting Claudio v. Scully, 982 F.2d 798, 805 (2d Cir. 1992)). For that reason, "[a]n ineffective assistance of appellate counsel claim cannot be based on a counsel's decision not to pursue an issue which his client considers important." Best v. Kelly, No. 91-cv-2638, 1991 WL 341736, at *3 (E.D.N.Y. Nov. 21, 1991) (citing Jones v. Barnes, 463 U.S. 745, 754 (1983)). As one court recently noted:

> The Strickland standard is difficult to meet in any procedural context, and perhaps especially so when the claim is that a lawyer failed to make an argument on direct appeal. An appellate lawyer "need not raise every plausible claim and has a wide degree of professional discretion to choose which issues to raise." Lynch v. Dolce, 789 F.3d 303, 319 (2d Cir. 2015) (citing Jones v. Barnes, 463 U.S. 745, 754 (1983)). In order to show deficient performance by his appellate counsel – Strickland's first prong – "petitioner must show that 'counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker.'" Santana v. Capra, 284 F. Supp. 3d 525, 544 (S.D.N.Y. 2018) (quoting Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994)). Under Strickland's second prong, petitioner must show a reasonable probability that, but for counsel's errors, the outcome of the proceeding would have been different. Id.

Carrasco v. Miller, No. 17-cv-7434, 2020 WL 9256469, at *19 (S.D.N.Y. Nov. 13, 2020), report and recommendation adopted, 2021 WL 1040473 (S.D.N.Y. March 18, 2021).

Petitioner's claim of ineffective assistance of appellate counsel does not meet this standard. The problem with petitioner's alleged Batson claim is that the record would not have told the Appellate Division very much about what happened during jury selection. All that appellate counsel could have pointed out was that the prosecutor sat three black jurors, then the

10

prosecutor made peremptory challenges to the four black jurors, and then, after trial counsel's Batson objection, the trial court determined that there was no *prima facie* case. But trial counsel did not state any reasons for the Batson objection, other than generally referencing the race and gender of the excused jurors. Nothing else in the record might have shown prosecutorial bias (like, for example, striking a black store clerk but not a white store clerk), and that left little to talk about on appeal. See Flowers v. Mississippi, 139 S. Ct. 2228, 2243 (2019) (listing ways to establish Batson violations, such as "evidence of a prosecutor's disparate questioning and investigation of black and white prospective jurors in the case" and "side-by-side comparisons of black prospective jurors who were struck and white prospective jurors who were not struck"). On this record, I cannot find that, but for appellate counsel's failure to raise the Batson claim on appeal, the outcome of the proceeding would have been different.

The main thrust of petitioner's argument is that the claims chosen to be advanced by appellate counsel were so weak that to forego the Batson claim in their favor was objectively unreasonable. (Ironically, he asserts that the other claims brought by his appellate counsel were "unpreserved and meritless," but that has not stopped him from pursuing those same claims before me.) I do not see the potential Batson claim as any stronger, and it is probably weaker than the other claims. "Sometimes there are trials that adequately protect the rights of defendants and present no substantial issues for appeal." Washington v. Noeth, No. 17-cv-0004, 2021 WL 3173273, at *3 (E.D.N.Y. July 27, 2021). This was one of them.

V.     **The Motion for the Appointment of Counsel**

While his petition was pending, petitioner moved for the appointment of counsel. "There is no constitutional right to representation by counsel in habeas corpus proceedings, and 18 U.S.C. § 3006A(a)(2) requires appointment of counsel only for a financially eligible person if 'the interests of justice so require.'" Quail v. Farrell, 550 F. Supp. 2d 470, 480 (S.D.N.Y. 2008)

11

(quoting 18 U.S.C. § 3006A(a)(2)). "The threshold consideration in ruling on such an application is the showing of some merit." Id.; see also Reynolds v. Greene, No. 9:05-cv-01539, 2010 WL 604179, at *2 (N.D.N.Y. Feb. 16, 2010) (listing factors to consider). As set forth above, petitioner has not made this threshold showing.

## CONCLUSION

The motion for the appointment of counsel [23] is denied. The petition is also denied, and the case is dismissed. Because petitioner has failed to make a substantial showing of a denial of a constitutional right, no certificate of appealability shall issue. See 28 U.S.C. § 2253(c)(2). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purposes of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　U.S.D.J.

Dated: Brooklyn, New York
　　　　August 6, 2021